UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

JEFFREY T. BLACKWELL,           )
                                )
        Petitioner,             )       Civil No. 5: 17-60-JMH
                                )
V.                              )
                                )
FRANCISCO QUINTANA, Warden,     )       **MEMORANDUM OPINION**
                                )             **& ORDER**
        Respondent.             )

                  ***   ***   ***   ***

Petitioner Jeffrey T. Blackwell has filed a pro se petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to

challenge the enhancement of his federal sentence. [R. 1].

Although this Court originally dismissed his § 2241 habeas

petition, the Sixth Circuit reversed, concluding that Blackwell's

claim under *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276

(2013) was cognizable in a § 2241 petition, and remanded the case

back to this Court for consideration of the merits of Blackwell's

petition. [D.E. 15].

                            **I.**

In December 1997, Blackwell was convicted in the United States

District Court for the Eastern District of Missouri for possessing

with intent to distribute 50 or more grams of a substance

containing crack cocaine (cocaine base) and being a felon in

possession of a firearm. The district court determined that

Blackwell was a career-offender under U.S.S.G. § 4B1.1 based on

his prior convictions in Missouri for sale of a controlled substance and second-degree burglary and sentenced him to an aggregate term of 295 months of imprisonment. The Eighth Circuit Court of Appeals affirmed Blackwell's convictions and sentence. *United States v. Blackwell*, 4:97-cr-116-CAS-1 (E.D. Mo. 1997).

## II.

In his petition, Blackwell claims that he is entitled to relief from his career-offender sentence because his prior conviction for second-degree burglary in Missouri no longer qualifies as a "crime of violence" pursuant to *Descamps* and *Mathis v. United States*, __ U. S. __, 136 S.Ct. 2243 (2016), because the Missouri burglary statute criminalizes a more broad range of conduct than generic burglary. Thus, according to Blackwell, his second-degree burglary conviction does not qualify as a valid predicate felony for a career-offender enhancement.

In *Descamps*, the Supreme Court explained that, when a court is determining whether a prior conviction qualifies as a valid predicate offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1),[1] it must generally analyze the statute of

---

[1]"The same approach is used to determine whether a crime constitutes a 'crime of violence' for a career-offender enhancement under the sentencing guidelines or a 'violent felony' under the ACCA." *Hill v. Masters*, 836 F.3d 591, 595 n. 3 (6th Cir. 2016)(citing *United States v. Covington*, 738 F.3d 759, 762–63 (6th Cir. 2014)).

conviction by using the "categorical approach" and examining only the elements of the statute which define the offense and then comparing them with the elements of the "generic" offense. *Descamps*, 133 S. Ct. at 2281. It further held that resort to the "modified categorical approach" is permitted, but only where the underlying statute is divisible because it permits conviction in alternative circumstances, one of which falls within the "generic" offense and one of which does not. Only where such circumstances exist is it necessary to refer to other documents in the defendant's underlying trial, such as the indictment or jury instructions, to determine whether the defendant was convicted of conduct that falls within the "generic" offense, and thus qualifies as a valid predicate under § 924(e). *Id*. at 2281, 2284-86.

In *Mathis*, the Supreme Court reiterated that a statute is considered "divisible," therefore permitting use of the modified categorical approach, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52. In *Mathis*, the Supreme Court applied this approach to Iowa's burglary statute and held that the statute listed alternative means (not elements) and, therefore, was not divisible, covered more conduct than generic burglary, and could not be a predicate offense for an ACCA sentencing enhancement. *Id*. at 2250-51.

First, to the extent that Blackwell relies on *Mathis*, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the new interpretation announced in the decision must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). For retroactivity purposes, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989)(citations omitted)(emphasis in original). Adherence to this rule is particularly important in habeas cases as "[h]abeas corpus always has been a *collateral* remedy, providing an avenue for upsetting judgments that have become otherwise final. It is not designed as a substitute for direct review." *Id*. at 306 (quoting *Mackey v. United States*, 401 U.S. 667, 682 (1971)(Harlan, J., opinion concurring in judgments in part and dissenting in part)(emphasis in original).

The Supreme Court in *Mathis* made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017) (holding that the Supreme Court's holding in *Mathis* was not new, as it "was dictated by prior precedent (indeed two decades worth)," nor has *Mathis* been declared

retroactive by the Supreme Court).[2]   Therefore, as the Sixth Circuit has made clear that *Mathis* did not announce a new rule, nor has it been held to be retroactive by the Supreme Court, a petitioner proceeding under § 2241 may not rely on *Mathis* as grounds for relief from his or her sentence.

Regardless, in light of the directive issued in this case by the Sixth Circuit, and for the sake of closure, the Court turns to an examination of whether Blackwell's conviction of second-degree burglary in Missouri qualifies as a valid predicate offense for purposes of the career-offender enhancement of the sentencing guidelines.  Under Missouri law, "[a] person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein."  Mo. Rev. Stat. § 569.170.1.  Missouri law defines "inhabitable structure" to include "a ship, trailer, sleeping car, airplane, or other vehicle or structure."  Mo. Rev. Stat. § 569.010(2).

On appeal, the Sixth Circuit concluded that Blackwell satisfied the third requirement of *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016), that there was a subsequent change in statutory interpretation showing that his second-degree burglary

---

[2]The Sixth Circuit's published decision in *Conzelmann* was issued on September 20, 2017, which is after the Sixth Circuit's decision was issued in this case.

conviction may no longer be a predicate crime of violence, because he may be entitled to relief under *United States v. Bess*, 655 F. App'x 518 (8th Cir. 2016). [R. 15 at p. 3].

In *Bess*, an unpublished opinion, the Eighth Circuit examined whether a defendant's convictions for second-degree burglary in Missouri qualified as violent felonies for purposes of the ACCA enhancement of 18 U.S.C. § 924(e). *Bess*, 655 F. App'x at 519. The Eighth Circuit recognized that the resolution of this issue turned on whether the statute is divisible and the modified categorical approach is available, which, in turn, depends on "whether the alternative phrases in Missouri's burglary statute – 'building' and 'inhabitable structure' – are elements or means." *Id*. at 520. The Eighth Circuit did not decide this question on appeal, but instead remanded the case to the district court to determine whether Missouri's second-degree burglary statute lists alternative elements or alternative means of committing the crime of burglary. *Id*.

However, after *Bess* was decided (and before the Sixth Circuit's ruling in this case), the Eighth Circuit directly addressed whether second-degree burglary convictions qualify as violent felonies for purposes of Section 924(e) in light of *Mathis*, this time in a published opinion. *United States v. Sykes*, 844 F.3d 712 (2016). In *Sykes*, the Eighth Circuit found that the Missouri second-degree burglary statute provided alternative

6

*elements* for committing the crime and, under the modified categorical approach, a conviction of second-degree burglary of a building in Missouri fits within the generic definition of "burglary" for purposes of the ACCA and constitutes a violent felony under § 924(e). *See also United States v. Phillips*, 853 F.3d 432 (8th Cir. 2017).

Thus, the task now before the Court is to determine whether Blackwell's prior second-degree burglary conviction qualifies as burglary of a "building." In doing so, the Court may look to "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 U.S. at 2249.

The Court has now reviewed documents related to Blackwell's conviction submitted by both Blackwell and the United States Attorney's Office for the Eastern District of Missouri. These documents include the indictment, minutes and related records from the Circuit Court of St. Louis County, Missouri, regarding Blackwell's second-degree burglary conviction, as well as a copy of the Pre-Sentence Report prepared in Blackwell's underlying federal criminal case [R. 26-1, 29-1, 29-2].

An examination of these documents leads the Court to conclude that Blackwell was convicted of second-degree burglary of a "building" for purposes of the application of the career-offender

enhancement of the sentencing guidelines. It is true that, as
Blackwell points out, the language of his indictment refers to an
"inhabitable structure." [R. 26-1, 29-2]. However, the indictment
further refers to a physical street address (8232 #1 Watson,
Marlborough in St. Louis County, Missouri), describes the location
as "an inhabitable structure...possessed by Joseph Green," and
specifies that Green was actually present at the time of the
burglary. [R. 26-1, 29-2]. Consistent with this description,
Blackwell's PSR states that, "[a]ccording to court records, on
December 25, 1986, the defendant unlawfully entered a home in order
to commit burglary." [R. 29-1 at p. 7].

This Court finds persuasive the government's argument set
forth in *Phillips* that "the reference to a physical street address,
together with the description of it as inhabitable, clearly
demonstrates, on the face of the charging document alone, that
[the defendant] was charged with unlawfully entering into a
building." *Phillips*, 853 F.3d at 436 (remanding the case to the
district court for a determination of this issue). As in *Phillips*,
the indictment charging Blackwell refers to a physical street
address, describes the address as "inhabitable," and states that
the location was owned and inhabited by Joseph Green, who was
present at the time of the burglary. In addition, Blackwell's PSR
indicates that the building was, in fact, Green's home. Based on
these factors, the Court finds that, as in *Sykes*, Blackwell's prior

second-degree burglary conviction qualifies as burglary of a "building" which conforms to the elements of a generic burglary promulgated in *Taylor v. United States*, 495 U.S. 575 (1990): "(i) unlawful entry or remaining in (ii) a building or structure (iii) with the intent to commit a crime." *Sykes*, 844 F.3d at 715 (citing *Taylor*, 495 U.S. at 598). Accordingly, the Court finds that Blackwell's prior conviction of second-degree burglary is a "crime of violence" and, therefore, a valid predicate offense for enhancement of his sentence.

For all of these reasons, Blackwell's petition for habeas relief will be denied.

Accordingly, **IT IS ORDERED** that:

1. Blackwell's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. All other pending requests for relief, including Blackwell's motions for judgment [R. 24, 26, 28], are **DENIED AS MOOT.**

3. The Court will enter a judgment contemporaneously with this order.

4. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 18th day of January 2018.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge